**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-4457**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

MICHAEL HOLLEY,

        Defendant - Appellant.

Appeal from the United States District Court for the Southern District of West Virginia, at Charleston. Irene C. Berger, District Judge. (2:18-cr-00225-12)

Submitted: November 30, 2021               Decided: January 20, 2022

Before WYNN, RICHARDSON, and RUSHING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Timothy J. LaFon, CICCARELLO, DEL GIUDICE & LAFON, Charleston, West Virginia, for Appellant. Joshua Clarke Hanks, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Michael Holley pled guilty, pursuant to a written plea agreement, to conspiracy to distribute 50 grams or more of a mixture containing a detectable amount of methamphetamine, in violation of 21 U.S.C. § 846. The district court sentenced Holley to 77 months' imprisonment. On appeal, counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning whether Holley's sentence is reasonable. Although notified of his right to do so, Holley has not filed a pro se supplemental brief. The Government declined to file a responsive brief. We affirm the district court's judgment.

We review a sentence "under a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). Under this standard, a sentence is reviewed for both procedural and substantive reasonableness. *Id.* at 51. We must first "evaluate procedural reasonableness, determining whether the district court committed any procedural error, such as improperly calculating the [Sentencing] Guidelines range, failing to consider the [18 U.S.C.] § 3553(a) factors, or failing to adequately explain the chosen sentence." *United States v. Nance*, 957 F.3d 204, 212 (4th Cir.), *cert. denied*, 141 S. Ct. 687 (2020). If a sentence is free of "significant procedural error," then we review it for substantive reasonableness, "tak[ing] into account the totality of the circumstances." *Gall*, 552 U.S. at 51. "Any sentence that is within . . . a properly calculated Guidelines range is presumptively [substantively] reasonable." *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014). "Such a presumption can only be rebutted by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." *Id.*

2

On appeal, *Anders* counsel suggests that the district court's decision to run Holley's federal sentence consecutively to his undischarged state sentence was erroneous under U.S. Sentencing Guidelines Manual § 5G1.3 (2018) and 18 U.S.C. § 3584. Under the statute, "if a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment, the terms may run concurrently or consecutively." 18 U.S.C. § 3584(a). "The court, in determining whether the terms imposed are to be ordered to run concurrently or consecutively, shall consider, as to each offense for which a term of imprisonment is being imposed, the factors set forth in section 3553(a)." 18 U.S.C. § 3584(b); *see Setser v. United States*, 566 U.S. 231, 236 (2012) (noting that sentencing courts "have discretion to select whether the sentences they impose will run concurrently or consecutively with respect to other sentences that they impose, or that have been imposed in other proceedings"). Thus, a district court's decision whether to impose a consecutive sentence under § 3584 is plainly within that court's discretion.

Turning to USSG § 5G1.3, "[i]n assessing a challenge to a sentencing court's application of the Sentencing Guidelines, we review the court's factual findings for clear error and its legal conclusions de novo." *United States v. Oceanic Illsabe Ltd.*, 889 F.3d 178, 194 (4th Cir. 2018). That section provides that, where there is an undischarged term of imprisonment, "the sentence for the instant offense may be imposed to run concurrently, partially concurrently, or consecutively." USSG § 5G1.3(d), p.s. Moreover, even if the applicable Guideline recommended a concurrent, rather than consecutive sentence, "a district court is not obligated to impose a concurrent sentence" because "the Guidelines are advisory." *United States v. Lynn*, 912 F.3d 212, 217 (4th Cir. 2019). Therefore, we

conclude that the district court did not err in determining that it had the discretion to impose a consecutive sentence.

Turning to the district court's exercise of its discretion, we similarly find no error. The district court directly addressed Holley's argument for a concurrent sentence, explaining the reasons the court rejected that argument. *United States v. Torres-Reyes*, 952 F.3d 147, 151 (4th Cir. 2020) (noting that "a district court must address or consider all non-frivolous reasons presented for imposing a different sentence and explain why he has rejected those arguments" (internal quotation marks omitted)). We further conclude that Holley fails to rebut the presumption of reasonableness that we afford his within-Guidelines-range sentence. Thus, Holley's sentence is procedurally and substantively reasonable.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for review. We therefore affirm the district court's judgment. This court requires that counsel inform Holley, in writing, of the right to petition the Supreme Court of the United States for further review. If Holley requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Holley. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*